ACCEPTED
04-14-00342-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/6/2015 11:52:35 AM
KEITH HOTTLE
CLERK

## No. 04–14–00342–CV

RICHARD A. RODRIGUEZ

vs.

JPMORGAN CHASE BANK, N.A.

IN THE COURT OF APPEALS

4TH COURT OF APPEALS DISTRICT

SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
7/6/2015 11:52:35 AM
KEITH E. HOTTLE
Clerk

**Supplemental Motion To Review the Ruling on the Amount and Type of Security
To Suspend Enforcement of the Judgment Pending Appeal,
With a Request for Emergency Relief Regarding a Sale on July 7, 2015**

Comes now appellant, Richard A. Rodriguez, and in this supplemental motion moves the court to review the ruling of the trial court on the type and amount of security to suspend enforcement of the judgment, and grant emergency relief, pursuant to Tex. R. App. P. 24.4 and due process under Article I, section 19 of the Texas Constitution.

Mr. Rodriguez may also be referred to as Rodriguez or appellant, and JPMorgan Chase Bank may be referred to as JPMC or appellee.

### I.

On August 29, 2014, a Motion To Review the Ruling on the Amount and Type of Security To Suspend Enforcement of the Judgment Pending Appeal, With a Request for Emergency Relief Regarding a Planned Sale of Property, was filed in this court.

A sale of the subject property at that time was scheduled for September 2, 2014, and as part of the motion, emergency relief was requested in the form of a stay order concerning the proposed sale. The sale on September 2 was canceled, and so the resolution of the motion and relief was then not pertinent.

### II.

Prior to this supplemental motion, documents filed in the court of appeals in this regard are as follows.

August 29, 2014: Motion To Review the Ruling on the Amount and Type of Security

1

To Suspend Enforcement of the Judgment Pending Appeal, With a Request for Emergency Relief Regarding a Planned Sale of Property. Filed by Appellant.

September 1, 2014: Supplemental Content for the Motion To Review the Ruling on the Amount and Type of Security To Suspend Enforcement of the Judgment Pending Appeal. Filed by Appellant.

September 2, 2014: Second Supplemental Content for the Motion To Review the Ruling on the Amount and Type of Security To Suspend Enforcement of the Judgment Pending Appeal. Filed by Appellant.

September 3, 2014: Appellee JPMorgan Chase Bank, N.A.'s Notice Regarding Appellant Richard A. Rodriguez's Motion To Review Order On Suspension of Enforcement of Judgment. Filed by Appellee.

September 18, 2014: Appellee JPMorgan Chase Bank, N.A.'s Response In Opposition To Appellant Richard A. Rodriguez's Motion To Review Order Setting Security. Filed by Appellee.

June 9, 2015: Appellee JPMC's Supplemental Response In Opposition To Appellant's Motion To Review Order Setting Security. Filed by Appellee.

## III.

On June 1, 2015, JPMC requested by a letter that the district clerk issue an order of sale for the real property involved in this case. A certified copy is attached as exhibit 'A'.

A public notice of a sale of the property for July 7, 2015 was published. A copy is attached as exhibit 'B'.

On June 17, 2015, an opinion and judgment were issued affirming the judgment of the trial court.

On July 2, 2015, Appellant filed a motion for rehearing and a motion for rehearing en banc.

IV.

An issue on appeal and in the motions for rehearing and rehearing en banc involves the statute of limitations, a counterclaim against Appellant, and a request for a judicial foreclosure of a lien.

A non-judical foreclosure of the lien and homestead property through a deed of trust has been barred by limitations under section 16.035(b) of the Texas Civil Practice and Remedies Code.

An issue in this appeal is whether a judicial foreclosure of the lien through a counter-claim against Rodriguez is also barred by limitations. JPMC in its brief took the position that the note involved was accelerated on June 7, 2000. A counterclaim was first filed against Appellant on August 11, 2004. Based on those dates, a suit for foreclosure of the lien is barred by limitations, under section 16.035(a) and (d) of the Civil Practice and Remedies Code. JPMC has argued that limitations was tolled, and Rodriguez has replied that the tolling argument is not applicable or valid in this situation. This specific part of the appeal and Appellee's argument about tolling were not directly analyzed and addressed in the opinion of June 17, and they are part of the motions for rehearing and rehearing en banc.

If it is determined—after any rehearing, or if a petition for review is filed in the Texas Supreme Court and acted on—that a suit for foreclosure of the lien is barred by limitations, then a sale of the homestead property based on a foreclosure of that type should not take place.

V.

Appellant requests that the documents filed and noted in part II above be considered along with this supplemental motion, that an order be issued staying the sheriff's sale of the property scheduled for July 7, 2015 beginning at 10:00 a.m., until the mandate upon the

conclusion of the appeal is handed down or until further order of the court.

VI.

An inquiry was made to attorneys for JPMC and in a reply it was indicated that Appellee is opposed to the motion.

**Prayer**

Therefore, Richard A. Rodriguez prays that this supplemental motion be filed; that it be considered by the court along with documents previously filed by the parties; that an order be issued staying the sheriff's sale of the property scheduled for July 7, 2015 until the mandate upon the conclusion of the appeal is handed down or until further order of the court; in the alternative, that a temporary stay order be issued against the sale of the property at 15426 Fallow Ridge Drive, San Antonio, Bexar County, Texas set for July 7, 2015 and that any sale be further stayed while this motion for review is pending; that the court reporter of the 45th Judicial District Court prepare and file a record of the hearing of August 18, 2014 on the motion for suspension of enforcement of judgment pending appeal; that the district clerk be directed to prepare and file in the court of appeals an applicable record from the clerk's file on the matter of suspension of the judgment on appeal, if appropriate; that the court direct that any supplemental pleadings or briefing be done as appropriate; that oral argument or other hearing be scheduled regarding this motion; that the court determine that Tex. R. App. P. 24.2(a)(3) applies and the lis pendens and other security, such as an injunction on appellant, is sufficient to preserve the property and status quo pending appeal; in the alternative, that the existing $12,000 amount for a deposit or bond on appeal to suspend the sale of the property be reduced to an amount that will not cause appellant substantial economic harm; that the court determine the amount of a bond, security, or other deposit regarding the money judgment of $441,027.10 in accordance with the judgment debtor's current net worth and in an amount that will not cause appellant

4

substantial economic harm; in the alternative, that the issue of security on appeal regarding the money judgment be remanded to the trial court for further proceedings pertaining to net worth; that the court make other determinations and orders regarding suspension of enforcement of the judgment on appeal under Tex. R. App. P. 24 that it deems proper; and that he have such other relief, in law or equity, to which he may be justly entitled.

Respectfully submitted,

/s/ R. Robert Willmann, Jr.

R. Robert Willmann, Jr.
Attorney at Law
P.O. Box 460167
San Antonio, Texas 78246
Tel 844.244.9973
Temporary Fax 361.552.4305
willaw@prismnet.com
Bar No. 21655960

**Exhibit A**

FILED
6/1/2015 10:41:30 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Nikki Garcia

WRIT OF EXEC. M/O



A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS

2001 BRYAN STREET, SUITE 1800
DALLAS, TEXAS 75201



Gregory Sudbury
Attorney at Law

Phone: (214) 880-1878
Email: gsudbury@qslwm.com

June 1, 2015

*Via Electronic Filing*

Bexar County District Clerk
0 1 W. Nueva, Suite 217
San Antonio, Texas 78205

RE: *JPMorgan Chase Bank, N.A. v. Richard Rodriguez;* Case No. 2000-CI-12923; in the 285th Judicial District Court of Bexar County, Texas.

Dear Sir or Madam:

On March 24, 2014, Plaintiff JPMorgan Chase Bank, N.A. ("JPMC") recovered a judgment against Defendant Richard Rodriguez for the amount of $441,027.10 together with post-judgment interest as provided by law from the date of signing of the judgment until paid and for foreclosure of JPMC's mortgage lien as it existed on the judgment date against the real property commonly known as 15426 Fallow Ridge Drive, San Antonio, Texas, 78248, which is more particularly described as:

Lot 50, Block 2, New City Block 14292, DEERWOOD, UNIT 4, in the City of San Antonio, Bexar County, Texas; according to the plat thereof recorded in Volume 9529, Page 224, Deed and Plat Records of Bexar County; Texas.

In accordance with the Judgment, please accept this letter as a request to issue an Order of Sale for the real property described above. With this request, JPMC is submitting payment in the amount of $8.00 for your fee to issue the order.

Once the Order of Sale has been issued, please FedEx it to our office. We will be sending you a FedEx envelope for this purpose.

Thank you for your attention to this matter. Should you have any questions, please contact my paralegal, Heather Ferrill, at (214) 880-1830.

Sincerely,

/s/ Gregory *Sudbury*

Gregory Sudbury

4828-2059-6004, v. 1

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*July 02,2015*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

CYNTHIA J APONTE, Deputy District Clerk

*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

**Exhibit B**

## Affidavit Regarding Exhibit

State of Texas
County of Calhoun

Before me, the undersigned authority, personally appeared R. Robert Willmann, Jr., who, after being duly sworn, stated as follows.

"I, R. Robert Willmann, Jr., am over 18 years of age, am an attorney licensed to practice law in the State of Texas, and am otherwise competent to make this affidavit.

I am an attorney for appellant Richard A. Rodriguez regarding a supplemental motion to review the ruling on the amount and type of security to suspend enforcement of the judgment pending appeal and with a request for emergency relief.

Attached to this affidavit and made a part of this exhibit 'B' is a true and correct copy of a "public notice sheriff sale" of the property the subject of this case which I received from an attorney for the Appellee, JPMorgan Chase Bank, N.A.

I have personal knowledge of the contents of this affidavit and they are true and correct."

R. Robert Willmann, Jr.
Affiant

Subscribed and sworn to before me on this 6th day of July, 2015, to which witness my hand and seal of office.

MARY LOU WARD
NOTARY PUBLIC
State of Texas
Comm. Exp. 09/19/2016

Notary Public, State of Texas
My commission expires: 9/19/16

1

# PUBLIC **NOTICE**
## SHERIFF SALE
### Real Estate

State of Texas
County of Bexar

By virtue of an Execution and Order of Sale issued out of the 285th Judicial District Court of Bexar County, Texas on the 1st day of June 2015. by the Clerk thereof in the case of:

JPMorgan Chase Bank, **N.A.,**
Successor in interest to First National
Bank of Chicago, as Trustee
**VS**
Richard Rodriguez
CASE #2000-CI-12923

And to me as Sheriff, directed and delivered, I will proceed to sell to the highest bidder for cash at **10:00AM** on **July 7, 2015,** it being the first Tuesday of said month, at 126 E. Nueva Street, 3rd Floor. in the City of San Antonio, the following property, situated in the County of Bexar and the State of Texas and described as follows; to writ;

15426 Fallow Ridge Drive, San Antonio, Texas, 78248 (the **"Property"**), which is more particularly **described as:** Lot 50, Block 2, New City Block 14292, DEERWOOD UNIT 4, in the City of San Antonio, Bexar County, Texas, according to the plat thereof recorded in Volume 9529, Page 224, Deed and Plat Records of Bexar County, Texas.

Levied on the 5th day of June. 2015 and to be sold to satisfy the judgment dated the March 24, 2014 and recorded in the minutes of said Court in Volume 4202, Pa. 0901 in favor of the plaintiff: JPMorgan Chase Bank, N.A., Successor in interest to First National Bank of Chicago, as Trustee recovered against Richard Rodriguez for the sum of **$441.027.10:** attorney's fees of $85,000 for 're resentation in the trial court: $20,000 for representation through the appeal to the court of a eals if this case is appealed; $7,500 for reoresentation at the petition for review state in the Supreme Court of Texas if a petition for review is filed; $15,000 for reoresentation through oral argument and completion of proceeding in the Supreme Court of Texas if oral argument is **necessary,** with interest thereon at the rate of 5% per annum from ...... , ..... ..... caid and all costs of suit and the further costs f sa together with a foreclosure of a lien on the above described property.

I, the undersigned agent (or trus ee) for Bexar County, hereby give notice that the Bexar County Commissioners Court and myself do not warrant title nor guarantee a title policy on this property. Bexar County is giving only as much title as it has. Whatever charges there are against the property continue on past the sale. and must be taken care of by the purchaser. All prospective purchasers are put on notice that the property may be subject to mortgages, liens, or other encumbrance. It is the responsibilit of all Prospective Purchaser to determine the existence of any legal impediments to title on the above-described property. The highest bidder must immediately on the first on the first Tuesday of JULY, 2015 tender the cash amount the high bid to myself as agent of trustee for Bexar County. Following the ratification of the sale, I will give a (Trustee's Sheriff's) Deed to the highbidder.

A bidder at the sale must be re istered at the time the sale begins with the Sheriff, Deputy Sheriff, or agent conducting the sale.

Given under my hand:
June 5,2015
SUSAN PAMERLEAU
Sheriff of Bexar County, Texas

June 15, 22, 29

## Certificate of Service

I certify that this supplemental motion was served by–

an electronic filing service, e-mail, and fax, to Marcie Schout, Quilling, Selander, Lownds, Wislett & Moser, 2001 Bryan Street, Suite 1800, Dallas, Texas 75201 (attorney for JPMorgan Chase Bank),

on the 6th day of July, 2015.

/s/ R. Robert Willmann, Jr.

_____

R. Robert Willmann, Jr.